IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
ROCKINGHAM DIVISION

| | |
|---|---|
| HEATHER KELLEY, )<br>)<br>Plaintiff, )<br>) No. 1:10-cv-919<br>vs. )<br>)<br>GLOBAL CREDIT & COLLECTION )<br>CORPORATION, ) **JURY DEMAND ENDORSED HEREON**<br>)<br>Defendant. ) | |

## COMPLAINT

NOW COMES the Plaintiff, HEATHER KELLEY, by and through her attorney, M. LYNETTE HARTSELL, and for her Complaint against the Defendant, GLOBAL CREDIT & COLLECTION CORPORATION, Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*., and the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute, N.C. Gen. Stat. § 58-70-90, *et seq*.

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

## PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Laurinburg, North Carolina.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2), as she is a natural person allegedly obligated to pay a debt.

5. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and as a "collection agency" within the meaning of N.C. Gen. Stat. § 58-70-90(1), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6. On information and belief, Defendant is a corporation of the State of Delaware, which is licensed to do business in North Carolina and which has its principal place of business in Williamsville, New York.

## COUNT I

(Violation of the Fair Debt Collection Practices Act)

7. During or about September of 2010, a representative and/or employee of Defendant who represented himself as "Mr. Bray," contacted Plaintiff by telephone in an attempt to collect the aforementioned alleged debt.

8. However, Mr. Bray failed to identify himself and/or Defendant as a debt collector during the course of said communication with Plaintiff.

9. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

a. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of 15 U.S.C. §1692e(11); and

b. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, HEATHER KELLEY, respectfully prays for a judgment against Defendant as follows:

a. Statutory damages of $1,000.00 for each violation of the FDCPA;

b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

c. Any other relief deemed appropriate by this Honorable Court.

## COUNT II

(Violation of the North Carolina Prohibited Practices by Collection Agencies

Engaged in the Collection of Debts from Consumers Statute)

10. Plaintiff hereby adopts, re-alleges and incorporates by reference all allegations set forth above as though fully rewritten here.

11. In its attempts to collect the aforementioned alleged debt, Defendant violated the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute in one or more of the following ways:

a. Failing to disclose in every communication with Plaintiff that the communication was from a debt collector, in violation of N.C. Gen. Stat. § 58-70-110(2); and

      b.      By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with North Carolina law.

WHEREFORE, Plaintiff, HEATHER KELLEY, respectfully prays for a judgment against Defendant as follows:

      a.      Statutory damages of $4,000.00 for each violation of the North Carolina Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers Statute;

      b.      All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

      c.      Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ M. Lynette Hartsell
M. Lynette Hartsell (9845)
Attorney for Plaintiff
1010 Lakeview Drive
Cedar Grove, NC 27231
(888) 493-0770, ext. 305 (phone)
(866) 551-7791 fax
Lynette@LuxenburgLevin.com